|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | **UNITED STATES DISTRICT COURT** |
| 8 | | **WESTERN DISCTRICT OF WASHINGTON**<br>**AT TACOMA** |

| | | |
|---|---|---|
| CALVIN ROUSE, a/k/a ABDUR RASHID KHALIF, | | NO. C09-5655 RBL/KLS |
| Plaintiff, | | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| v. | | |
| RON VAN BOENING, et al., | | |
| Defendants. | | |

Before the court is Plaintiff's motion to amend his complaint. Dkt. 33.[1] Defendants have filed their Answer to the Plaintiff's original complaint. Dkt. 32 and a Pre-trial Scheduling Order was entered by the court on February 25, 2010. Defendants have filed no opposition to Plaintiff's motion to amend.

## *DISCUSSION*

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of*

---

[1] Plaintiff did not file a separate motion to amend, but titled his proposed amended complaint as his "motion to amend." Dkt. 33, p. 1.

ORDER GRANTING MOTION TO AMEND — 1

*Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

The proposed amended complaint includes the same defendants. Dkt. 33. Plaintiff has added a preliminary statement indicating that his lawsuit is based on events occurring at McNeil Island Correction Center (MICC), where he was formerly housed. *Id.*, p. 2. Certain portions of the complaint that were hand-written are now typed, and the work location of some of the defendants has been corrected to reflect that they are at MICC. See, e.g., Dkt. 33, p. 4. In addition to claiming violation of his First Amendment rights, Plaintiff alleges in his proposed amended complaint that his lawsuit is based on "deprivations, denial access to the courts, and retaliation" in violation of his First, Eighth, and Fourteenth Amendment and due process rights. *Id.*, pp. 2, 11.

Plaintiff served Defendants with the motion and proposed complaint. *Id.*, p. 14. Defendants filed no opposition to the proposed complaint. There is no evidence that the proposed amendment will cause prejudice to the Defendants, that it is sought in bad faith, is futile, or will create undue delay.

Accordingly, it is **ORDERED** that Plaintiff's motion to amend his complaint (Dkt. 33) is **GRANTED**. The Clerk of the Court shall docket the "[Proposed] Motion to Amend Complaint (Dkt. 33) as Plaintiff's First Amended Complaint.

DATED this 15th day of April, 2010.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge