**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CALVIN ROUSE, a/k/a ABDUR RASHID KHALIF,<br><br>  Plaintiff,<br><br>  v.<br><br>RON VAN BOENING, DENNIS TABB, JOHN BARNES, LT. BERSHAN, SHEIR POTIET, JANET GAINES, MICHAEL HUGHES, MICHAEL C. HINES, JEFFREY SMITH, SGT. PEDERSON, and ELDON VAIL,<br><br>  Defendants. | NO. C09-5655 RBL/KLS<br><br>ORDER REGARDING MOTIONS FOR SANCTIONS, FOR SPECIAL MASTER, AND FOR EXTENSION OF DISCOVERY DEADLINE |

Before the court are Plaintiff's motions for sanctions (Dkt. 42), for the appointment of a special master (Dkt. 45), and to extend the discovery deadline (Dkt. 46). Having reviewed the motions and Defendants' responses (Dkts. 44 and 48), and balance of the record, the court finds and orders as follows:

**1.  Motion for Sanctions (Dkt. 42) and to Extend Discovery Deadline (Dkt. 46)**

On February 2, 2010, Plaintiff propounded discovery on the Defendants. Defendants provided discovery responses to Plaintiff on March 4 and March 8, 2010. On April 29, 2010, Plaintiff sent a letter to Defendants alleging that he did not receive all the discovery to which

ORDER - 1

he was entitled.  Counsel for Defendants sent a letter on May 5, 2010, in response, stating that the documents at issues had already been provided.  Dkt. 44, Exh. 1, Attach. A.

On April 21, 2010, Plaintiff sent fifteen handwritten Notice of Depositions to counsel for Defendants.  Dkt. 44, Exh. 1, Attach. C.  The notices did not indicate how the depositions were to be recorded.  *Id.*  Counsel for Defendants sent a letter to Plaintiff on May 6, 2010, offering to discuss a resolution as to the depositions.  *Id.*, Attach. B.

Plaintiff brings this motion because he believes he is entitled to additional discovery and because the proposed deponents failed to attend their depositions.  However, Plaintiff has made no attempt to contact counsel for Defendants regarding the depositions in this case although he was encouraged to do so and was advised that he had been provided with the discovery he requested.  Dkt. 44, Exh. 1, Attach. C and A.  He has also not conferred with counsel with regard to an extension of the discovery deadline.  As to sanctions, Plaintiff has withdrawn that portion of his motion in which he seeks discovery sanctions against the parties and/or their counsel.  Dkt. 45-1, p. 5.

Before a party may bring a motion regarding discovery, he must make good faith efforts to meet and confer regarding the outstanding discovery at issue before submitting any unresolved discovery dispute to the court.  CR 37(a)(1)(A)(B).  The motion must include a certification stating as much.  Fed. R. Civ. P. 37(a).

Plaintiff seeks an order compelling discovery and the depositions of Defendants, but he has not conferred with defense counsel nor has he given notice of the manner in which the depositions are to be taken.  However, it is apparent that the parties are aware that Plaintiff seeks to take several depositions, but has merely failed to comply with the notice requirements.  Thus, the parties simply need to agree on the date, time, and details for conducting the depositions.  To the extent the parties cannot agree, the court suggests the following:

ORDER - 2

1  (a) any deposition performed by plaintiff shall take place at or near the Washington State Penitentiary (WSP), organized with the assistance of the authorities at the WSP;

(b) if the parties cannot agree otherwise, the depositions shall be conducted before an officer appointed or designated under FRCP 28; this should be an independent party without any interest in the matter and defendants should in good faith seek to allow or agree to use an employee of the Department of Corrections to perform these duties to alleviate the high cost of using a private business; in any event the taped deposition shall include the information indicated in FRCP30(b)(4);

(c) the individual either chosen by the parties or appointed by the court to provide the oath at a deposition shall also operate two tape recorders to produce two original recordings of a deposition; (Please note, if the parties are unable to agree to an individual, before the court is willing to appoint an individual to administer oral depositions for plaintiff, plaintiff must explore other means to conduct discovery.  Specifically, plaintiff should consider Rule 31 to obtain information.  The parties shall also note Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the court encourages the parties to mutually work out discovery complications.  Parties should inform the court of stipulations made pursuant to Federal Rule of Civil Procedure 29.)

(d) counsel for defendants may attend any deposition noted by plaintiff and defendant may record a deposition on his or her own equipment or defendants may ask plaintiff to produce a copy of the original tape at defendants' cost; defendants may choose to stenographically record a deposition at their own cost;

(e) at the end of a deposition the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time;

(f) at the end of a deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the clerk of the court for filing with the court record;

(g) if the testimony from any deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that testimony must supply the court with a written transcript of the relevant portions of the deposition;

ORDER - 3

1  (h) a transcript of a deposition shall not be filed with the court unless it is to be used by a party in a motion, pleading, or trial of this matter; a transcript of a deposition, in whole or in part, shall not be filed with the court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary;

(i) any challenge to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion;

(j) if the recording is of poor quality and the court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

Plaintiff is also advised that he "must obtain leave of court . . . if the parties have not stipulated to the deposition . . . [that] would result in more than 10 depositions being taken". Fed. R. Civ. P. 30(a)(2)(A)(i).

Accordingly, Plaintiff's motion for sanctions (Dkt. 42) shall be denied as moot and the parties are directed to confer to schedule the depositions of Defendants. The parties are advised that "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A). The court expects Plaintiff and counsel for Defendants to cooperate in their discovery efforts. To that end, the court shall **grant** Plaintiff's motion for an extension of the discovery deadline (Dkt. 46) for the **limited purpose of resolving and taking the depositions of the Defendants.**

**2.     Motion for Special Master (Dkt. 45)**

A court may appoint a special master only to (a) perform duties consented to by the parties, (b) hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by some exceptional condition, or the need to perform an accounting or resolve a difficult computation of damages; or (c) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district. Fed. R. Civ. P. 53(1). Local

ORDER - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Rule 37.1 provides that where anticipated discovery is unusually complex, or where it appears that disputes over matters relating to discovery will be numerous, the court may point a special master pursuant to Fed.R.Civ.P. 53.

Plaintiff's motion for the appointment of a discovery master apparently arises out of a concern over a dispute as to whether certain documents exist, the scheduling of depositions, and the need for additional discovery that he cannot obtain within the current deadlines. Appointment of a discovery master is not appropriate in this situation. The court can and shall manage the discovery in this case, unless and until it becomes apparent to the court that appointment of a discovery master is warranted.

Accordingly, it is **ORDERED:**

1) Plaintiff's motion for sanctions (42) is **DENIED as moot**;

2) Plaintiff's motion to appoint special master (Dkt. 45) is **DENIED**;

3) Plaintiff's motion for an extension of the discovery deadline (Dkt. 46) is **GRANTED for the limited purpose of taking the depositions of the Defendants.**

4) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  29th  day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5